IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HOSSEIN ALIDJANI, and**<br>**LAILA RAJABI,**<br>          **Plaintiffs,**<br><br>          v.<br><br>**STATE FARM FIRE AND CASUALTY**<br>**COMPANY,**<br>          **Defendant.** | **CIVIL ACTION**<br><br><br><br>**NO. 16-6436** |

**DuBois, J.**                                                                                                               **January 24, 2017**

**M E M O R A N D U M**

## I.     INTRODUCTION

This is an insurance contract case. Plaintiffs Hossein Alidjani and Laila Rajabi seek damages from defendant State Farm Fire and Casualty Company ("State Farm") for breach of contract and bad faith conduct under 42 Pa. C.S.A. § 8371 for defendant's failure to pay benefits to plaintiffs under a homeowners insurance policy. Presently before the Court is Defendant State Farm Fire and Casualty Company's Motion to Dismiss Count II of Plaintiffs' Complaint Pursuant to F.R.C.P. 12(b)(6). For the reasons that follow, the Motion is granted.

## II.    BACKGROUND

The pertinent facts as alleged in the Complaint are as follows. Plaintiffs are residents of Pennsylvania and own property at 102 Bryn Mawr Avenue (the "Property") in Newtown Square, Pennsylvania. Compl. ¶ 3. At all times relevant to this claim, the Property was insured under a homeowner's insurance policy (the "Policy") issued by defendant State Farm, an Illinois corporation with its principal place of business in Illinois. Compl. 1, ¶ 3-4, Ex. A. On October 27, 2015, a driveway over a creek on the property collapsed after a windstorm and rain. Compl. ¶ 4, Ex. B at 1-2. Plaintiffs assert that the damage suffered was a covered loss under the Policy.

1

Compl. ¶ 5.  They notified defendant of the damage and provided reasonable proof of the loss. Compl. ¶¶ 6, 10.  Defendant has not paid any benefits to plaintiffs for this damage to their property.  Compl. ¶ 6.

On November 16, 2016, plaintiffs filed the Complaint in the Court of Common Pleas of Philadelphia County and asserted two claims against defendant: breach of contract for failing to pay benefits on plaintiffs' claim as required by the Policy (Count I) and bad faith under 42 Pa. C.S.A. § 8371 in failing to pay benefits (Count II).  The Motion to Dismiss seeks dismissal of Count II in which plaintiffs assert a bad faith claim.

In support of the bad faith claim, paragraph 15 of the Complaint alleges that a representative of State Farm forwarded a letter to plaintiffs which "falsely represent[ed] that the loss which they suffered on October 27, 205 was not covered" by the Policy.  Compl. ¶ 15(a). The Complaint further states that defendant's representative "knew this representation was false, fraudulent and misleading and made solely for the purpose of depriving" plaintiffs of the benefits of the Policy.  *Id.*  That letter from the State Farm representative, attached to the Complaint, explains that "[b]ased on [the] investigation and review of [a forensic analysis and engineering report] . . .  the damage to the bridge is the result of wear, tear, deterioration, and erosion," which is not covered under the Policy.  Compl. Ex. C at 1.

Plaintiffs further allege in the Complaint that defendant and its agents engaged in the following conduct in processing plaintiffs' claim: "failing to complete a prompt and thorough investigation" before denying the claim, "failing to pay . . .  in a prompt and timely manner," "failing to objectively and fairly evaluate" the claim, "conducting an unfair and unreasonable investigation," "asserting Policy defenses without a reasonable basis in fact," "flatly misrepresenting pertinent facts or policy provisions relating to coverages at issue and placing

2

unduly restrictive interpretations on the Policy and/or claim forms," "failing to keep [plaintiffs] fairly and adequately advised as to the status of the claim," "unreasonably valuing the loss and failing to negotiate the amount of the loss," "failing to promptly provide a reasonable factual basis for the denial" of the claim, "unreasonably withholding policy benefits," "acting unreasonably and unfairly" when responding to the claim, and "unnecessarily and unreasonably compelling" a lawsuit.  Compl. ¶ 15(b)-(m).

Defendant removed the case to this Court on December 15, 2016.  This Court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.  Defendant filed the pending Motion to Dismiss on December 22, 2016.  Plaintiffs filed a Response on January 10, 2017.  The Motion is thus ripe for review.

### III.    APPLICABLE LAW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The pleading's factual allegations need not be detailed, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  In evaluating a complaint, a court first identifies allegations that are mere "legal conclusions" or "naked assertions."  *Twombly*, 550 U.S. at 555, 557.  These allegations are "not entitled to assumption of truth" and must be disregarded.  *Iqbal*, 556 U.S. at 679. Then the court evaluates all "well-pleaded, nonconclusory factual allegation[s]" to determine whether the plaintiff has stated a plausible claim for relief.  *Id.*

To state a claim of bad faith against an insurer under 42 Pa. C.S.A. § 8371, a plaintiff must allege that (1) "the defendant did not have a reasonable basis for denying benefits under the

policy" and (2) "the defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994) (citing *American Franklin Life Ins. Co. v. Galati*, 776 F. Supp. 1054, 1064 (E.D. Pa. 1991). "'Bad faith claims are fact specific and depend on the conduct of the insurer *vis à vis* the insured.'" *Padilla v. State Farm Mut. Auto. Ins. Co.*, 31 F. Supp. 3d 671, 675 (E.D. Pa. 2014) (citing *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. 2006)). Unreasonable delay, an unreasonable refusal to pay, failing to adequately investigate a claim, failing to adequately research a legal issue, or failing to communicate with the insured person may constitute bad faith conduct on the part of the insurer. *Smith v. Allstate Ins. Co.*, 904 F. Supp. 2d 515, 524 (W.D. Pa. 2012) (citations omitted). *C.f. Bostick v. ITT Hartford Group, Inc.*, 56 F. Supp. 2d 580, 587 (E.D. Pa. 1999) ("Bad faith cannot be found where the insurer's conduct is in accordance with a reasonable but incorrect interpretation of the insurance policy and the law.") (citation omitted). However, "mere negligence or bad judgment" on the part of the insurer does not amount to bad faith; bad faith requires "some motive of self-interest, or ill-will." *Terletsky*, 649 A.2d at 688 (quoting *Black's Law Dictionary* 139 (6th ed. 1990)).

## IV.     DISCUSSION

Defendant argues that Count II should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failing to plead sufficient factual allegations of bad faith conduct. Def.'s Mem. Supp. Mot. 5. According to defendant, the allegations in support of Count II are "boiler plate averments," and the Complaint does not allege any facts that defendant lacked a reasonable basis for denying plaintiffs' claim or knew or recklessly disregarded its lack of reasonable basis. *Id.* at 5-6. In response, plaintiffs state that, when read together, the allegations in paragraph 15 of the Complaint are sufficient to state a claim for bad faith. Pl.'s Mem. Supp. Resp. 5-6.

The Court concludes that the Complaint does not allege sufficient facts to state a claim of bad faith against defendant.  The allegations in paragraph 15 merely restate the possible conduct that may be considered to be bad faith.  These statements do not allege any specific facts with respect to defendant's actions and are conclusory allegations. *See, e.g., Blasetti v. Allstate Ins. Co.*, Civ. No. 11-6920, 2012 WL 177419, at *4 (E.D. Pa. Jan. 23, 2012) (granting motion to dismiss where plaintiff alleged "failure to complete a prompt and thorough investigation," reckless disregard of lack of a reasonable basis to deny the claim, and failure to pay); *Eley v. State Farm Ins. Co.*, No. 10-cv-55564, 2011 WL 294031, at *4 (E.D. Pa. Jan. 31, 2011) (granting motion to dismiss where allegations of bad faith included failing to negotiate in good faith, failing to properly investigate and evaluate, committing other acts of bad faith, acting recklessly or with no reasonable basis, and other similar conclusory statements).  While the allegation in paragraph fifteen that a representative of defendant forwarded correspondence to plaintiffs is a factual allegation, the allegations that this correspondence "falsely represented" that the loss was not covered and that the representative "knew this representation was false, fraudulent and misleading and made solely" to deprive plaintiffs of the benefits of the Policy are conclusory. Compl. ¶ 15(a).

The conclusory allegations in paragraph 15 are not entitled to the presumption of truth in determining whether the Complaint states a claim for bad faith.  The factual allegations in the Complaint and the attached exhibits allege, at most, that defendant's analysis of the damage to the Property and/or the Policy's coverage was incorrect.  Without more, the Complaint does not sufficiently allege a claim of bad faith conduct by defendant.

## V.  LEAVE TO AMEND

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).  The Court may dismiss a claim with prejudice based on "bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment," or if amendment would result in "substantial or undue prejudice" to the other party.  *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993).

The Court concludes that Count II of the Complaint must be dismissed without prejudice. The plaintiffs have not previously amended the Complaint, and the Court cannot conclude based on the Complaint that amendment would be futile or result in prejudice to defendant.  Thus, Count II of the Complaint is dismissed without prejudice.

## VI.  CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss Count II of Plaintiffs' Complaint is granted.  Count II is dismissed without prejudice to plaintiffs' right to file an amended complaint within twenty (20) days if warranted by the facts and applicable law.  An appropriate order follows.